57 273
87 29
57 273
92 284

---

## Robert Rayburn et al. v. Mason Lumber Co.

*Proof by subscribing witness—Construction of lease—Exclusion of testimony —Alteration of account.*

1. The objection that the proof of a paper must be made by the subscribing witness should be raised when the paper is offered in evidence.

2. Where a party calls his adversary or permits him to be called to prove an instrument referred to, it need not also be proved by the subscribing witness.

3. The lessees of a dam covenanted to pay half "of all tolls *and money that may be earned* by the use of said dam for driving logs or other purposes." *Held,* that the rent was not confined to tolls but included any earnings from log-driving that could fairly be traced to the benefits of the dam.

4. How. Stat. § 7545 in excluding the testimony of a party as to facts the knowledge of which is shared only by a deceased person in adverse interest, applies to the testimony of such party as to admissions or statements made by one who had been, while living, an officer of a company which is the adverse party in interest, or who was a member of a firm which had assigned to the company.

57 Mich.—18

5. The charges in an account cannot be raised after money has been actually advanced at the rates stated therein, unless there is a clear showing of mistake, or some other sufficient equity.

6. A jury should not be allowed to assume the existence of fraud or oppression where there is no proof thereof.

Error to Alpena.   (Emerick, J.)   June 3–4.—June 10.

ASSUMPSIT.   Defendant brings error.   Reversed.

*Carpenter & Williams* and *Fred. A. Baker* for appellant. The rule that a written instrument must be proved by the subscribing witnesses, does not apply where the subscribing witness is beyond seas or out of the jurisdiction.   1 Greenl. Ev. § 572.

*Turnbull, Shields & Dafoe* for appellee.

CAMPBELL, J.   Plaintiffs sued defendant for various services in handling logs.   Defendant, among other defenses, relied on certain set-offs and settlements, and upon a claim for the rent or use of a dam, rented to plaintiffs, and intended to aid in raising a head of water in Hubbard Lake, at the outlet of which it was built, so as to help the log-driving in the stream below.

This lease was made by a firm of Mason, Luce & Co., the predecessor of the defendant corporation, October 12, 1878, and the lessee covenanted to pay (in addition to keeping in repair) one-half of the gross receipts of the dam, which would consist, as therein specified, of "all tolls and money that may be earned by the use of said dam for driving logs, or other purposes."

On the trial, after plaintiff Robert Rayburn had proved the lease, and it had been read, and evidence was given to prove its assignment by Mason, Luce & Co. to defendant, an objection was made and sustained that it must be proved by the subscribing witness, who was not produced.   The same ruling was made on various occasions during the trial.   There seems to have been more or less reference to this lease in the testimony and in the charge, but as it was ruled out when objected to, it is not presumable that it was dealt with as in

full force. We think that it was too late to raise the objection after the paper had been proved by Rayburn and read without objection. But we further think that where one of the parties in interest chooses to allow or to call the other party to prove an instrument, he may do so without calling the subscribing witness. Although there has been no entire agreement of courts on this subject where parties can be witnesses, the necessity of calling subscribing witnesses has not always been put upon tangible grounds. Where parties could not be sworn, it was reasonable to hold that the subscribing witness was a person who became so by agreement for their protection, who could not be dispensed with. It may be very proper to allow a party to decline calling his adversary, and to insist that this witness shall, if practicable, be produced. But where one party is willing to call the other, the latter can usually have no reason to complain, and we think that to this extent the reason of the rule has very little force to prevent it, and should not preclude such proof.

We think this lease was a very important factor in the case. It does not, as counsel argued, confine the rent to tolls. It includes all moneys earned by its use, and would therefore reach any portion of the earnings of Rayburn in running and driving logs, which could be fairly traced to the benefits of the dam. This would include any amount which would be a fair rental value, as recognized by the court below in the charge, but it might include more than any such estimated rental, because the help might sometimes be indispensable, and form a considerable share of the whole cost of running.

We are also of opinion that it was error to receive under objection the testimony of Rayburn as to admissions and statements of the deceased Mr. Mason. He was not only an officer of the company, covered by the statute while so acting, but he was also a member of the firm of Mason, Luce & Co., through whom defendant claimed by assignment. This is also within the statute.

We think, also, that where an account is presented at a certain expressed rate of charges for work, to obtain payments or advances, and money is actually advanced upon it at those

rates, it is not competent thereafter to increase those charges, unless on clear proof of mistake, or other definite equity of recognized sufficiency.

As the testimony of Rayburn concerning an agreement to change rates of rental seems to have been irregular as proof of the statements of Mr. Mason, there would be no propriety in speculating upon future evidence. There is nothing in the payments actually received inconsistent with the lease itself. But there seems to be no pertinence in the testimony concerning the difficulties had with log-owners. If a change was made, it is not very important how it was brought about. We understand this to have been the final view of the court below, although this testimony was not distinctly ruled out.

We have discovered nothing in the record to indicate that any fraud or oppression was exercised in connection with the giving of the note on August 27, 1883, to balance accounts, and the jury should not have been allowed to assume there might have been.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.